NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES RASHID, | : | Hon. Joel A. Pisano |
| Petitioner, | : | Civil Action No. 12-4570 (JAP) |
| v. | : | |
| STATE OF NEW JERSEY, | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

    CHARLES RASHID, #232838C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner Pro Se

**PISANO, District Judge**

Charles Rashid, an inmate incarcerated at New Jersey State Prison, filed a "NOTICE OF MOTION FOR STAY AND ABEYANCE" and a "Certification of MOTION FOR STAY AND ABEYANCE OF HABEAS CORPUS UNDER 28 U.S.C. § 2254"  (Dkt. 1, 1-1.)   Having thoroughly reviewed Petitioner's submissions, this Court will deny the motion, dismiss the matter, and deny a certificate of appealability.

**I.  BACKGROUND**

In 2004, the New Jersey Superior Court, Law Division, Middlesex County, entered a judgment of conviction against Petitioner after a jury found him guilty of the murder of his wife and related offenses.  The Law Division imposed an aggregate sentence of 69 years imprisonment, with an 85% mandatory minimum period of parole ineligibility.  See State v.

Rashid, 2008 WL 4092819 (N.J. Super. Ct., App. Div., Sept. 5, 2008).  Petitioner appealed, and on September 5, 2008, the Appellate Division affirmed the conviction and remanded for resentencing.  Id.  On November 25, 2008, the New Jersey Supreme Court denied certification.  See State v. Rashid, 197 N.J. 16 (2008) (table).  On December 11, 2008, the Law Division resentenced him on remand, imposing the same sentence.  See Rashid v. New Jersey, Civ. No. 11-7033 (JAP) opinion (D.N.J. Dec. 7, 2011)  Petitioner filed a petition for post-conviction relief, which the Law Division denied on August 18, 2011, and on August 18, 2011, he filed a notice of appeal from the order denying post conviction relief.  Id.

On October 27, 2011, Rashid executed a previous motion for a stay seeking an "Order Staying and Holding in abeyance Habeas Corpus proceedings, until all State remedies have been exhausted."  See Rashid, Civ. No. 11-7033 opinion.  On December 7, 2011, this Court denied the motion for lack of jurisdiction and denied a certificate of appealability.  Id.  This Court found that it lacked jurisdiction over Petitioner's motion for stay because he did not file a § 2254 petition or raise grounds asserting that he is in custody in violation of the laws, Constitution or treaties of the United States.

On July 12, 2011, Petitioner executed, and presumably handed to prison officials for mailing to this Court, the motion for stay which is presently before this Court.  As in his prior case, Petitioner's motion for stay is not accompanied by a § 2254 petition on the form provided by the Clerk, as required by Local Civil Rule 81.2(a) ("Unless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be . . . on forms supplied by the Clerk").  In the certification accompanying the motion, Petitioner does not identify the judgment of conviction, but he contends that state officials violated his right to remain silent, denied him the effective

assistance of counsel, improperly narrowed the scope of voir dire, and failed to properly direct the jury. (Dkt. 1-1.) Petitioner "seek[s] an Order Staying and Holding in Abeyance the Federal Habeas Corpus proceedings until the anticipated State remedies in the N.J. Supreme Court have been exhausted in order to protect and safeguard Petitioner's Constitutional rights and to be in strict compliance with AEDPA's 1-year period of limitations." (Dkt. 1-1 at 4.)

## II. DISCUSSION

A. Standard of Review

Section 2254(a) of Title 28 of the United States Code gives a district court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only on the ground that the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Thus, to invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the

relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). Local Civil Rule 81.2(a) requires a pro se petitioner to use the § 2254 form supplied by the Clerk. See Local Civ. R. 81.2(a). Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4; see Mayle v. Felix, 545 U.S. 644, 655 (2005). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

In Anderson v. Pennsylvania Attorney General, 82 Fed. Appx. 745 (3d Cir. 2003), a state prisoner filed a "Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" stating that "his grounds for habeas relief [were] based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause," that the statute of limitations was about to expire, and that he needed more time to prepare his § 2254 petition. Id. at 747. The United States District Court for the Middle District of Pennsylvania denied the motion, and petitioner filed a motion for reconsideration through counsel. Petitioner argued in the motion for reconsideration that, because the motion for an extension of time was filed within the limitations period and it contained sufficient information to constitute a § 2254 petition, the district court erred by failing to give him time to file a more specific pleading or to notify him before dismissing the motion. The District Court denied the motion, and the Third Circuit granted a certificate of appealability. The Third Circuit Court of

Appeals determined that the motion for an extension of time was filed four days before the statute of limitations expired and that the District Court had subject matter jurisdiction to rule on the motion.  The court found that Anderson's allegations "that he is in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel and that he needed more time to file a habeas petition [were] sufficient to present a case or controversy and invoke the court's jurisdiction."  Id. at 749.  Nevertheless, the court concluded that the District Court did not err by failing to recharacterize the motion as a § 2254 petition or failing to provide notice under Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000), and United States v. Miller, 197 F. 3d 644, 649-52 (3d Cir. 1999), because the motion for an extension of time did not sufficiently state a claim for relief under § 2254 and Habeas Rule 2(c), and would therefore have been subject to summary dismissal under Habeas Rule 4:

> We further conclude that the District Court did not err by failing to recharacterize Anderson's motion as a § 2254 motion and provide him notice under Miller and Mason where Anderson did not sufficiently state a claim for relief.  If the District Court had recharacterized the motion, it was subject to summary dismissal. See United States v. Thomas, 221 F. 3d 430, 438 (3d Cir. 2000) (stating that vague and conclusory grounds for habeas relief are subject to summary dismissal); Rule 2 of the Rules Governing Section 2254 Cases (providing that habeas petitions shall set forth all grounds for relief and facts supporting those grounds).

Anderson, 82 Fed. Appx. at 749.

Significantly, the Court of Appeals expressly rejected Anderson's argument that the District Court "had to know that the claims in his habeas petition were the same as those he presented in state court because he was required to satisfy exhaustion requirements."  Id. at 750.

5

"The District Court cannot assume that a petitioner will bring the same claims in federal court that he presented to the state courts." Id.

Here, Petitioner's submissions present a case or controversy since Petitioner asserts that he is in custody contrary to the Constitution of the United States. See Maleng, 490 U.S. at 490. However, this Court will not recharacterize Petitioner's certification and other documents as a § 2254 petition because they do not satisfy the requirements of Habeas Rule 2 and Local Civil Rule 81.2(a). See Anderson, 82 Fed. Appx. at 749-50. This Court will dismiss the case without prejudice pursuant to Habeas Rule 4 because Petitioner has not complied with the pleading requirements set forth in Habeas Rule 2 and Local Civil Rule 81.2(a).

B.  Motion for Stay

A District Court has the power to stay a petition "for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not," Rhines v. Weber, 544 U.S. 269, 271 (2005). In this case, since this Court is dismissing the matter pursuant to Habeas Rule 4, this Court is constrained to deny Petitioner's motion for stay as moot.

C.  Certificate of Appealability

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no Certificate of Appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1).

## III.  CONCLUSION

      For the foregoing reasons, this Court dismisses the case, denies the motion for stay, and and declines to issue a Certificate of Appealability.

                                            /s/ JOEL A. PISANO
                                          **JOEL A. PISANO, U.S.D.J.**

DATED: July 31, 2012